UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM GROVES )<br>     Plaintiff, )<br> )<br>v. )<br> )<br>SOUTH BEND COMMUNITY SCHOOL )<br>CORPORATION, )<br>     Defendant. ) | Case No. |

# COMPLAINT

William Groves, by counsel, Nicholas T. Otis of Newby Lewis Kaminski & Jones, LLP, states his causes of action against Defendant for damages and equitable relief on account of employment discrimination:

## Jurisdiction and Parties

1.  This action is for damages and equitable relief and is brought by William Groves pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*), and pursuant to the Civil Rights Act of 1991, as amended.

2.  Jurisdiction of the United States District Court for the Northern District of Indiana South Bend Division lies pursuant to 42 U.S.C. § 2000e-5(f)(3).

3.  All conditions precedent to jurisdiction under Title VII of the Civil Rights Act of 1964 and under the Civil Rights Act of 1991 have occurred or been complied with in that the Plaintiff has timely filed with the Equal Employment

Opportunity Commission ("EEOC") charges of employment discrimination relating to the unlawful employment practices herein alleged.

4.  William Groves has received a Notice of Right to Sue from the EEOC. Attached hereto as ***Exhibit A*** is a true and accurate copy of the Notice of Right to Sue received by the Plaintiff William Groves.

5.  This complaint has been filed within 90 days of the receipt of the EEOC's Notice of Right to Sue.

6.  William Groves is a Caucasian male and citizen of the United States and of St. Joseph County, State of Indiana.

7.  The Defendant South Bend Community School Corporation ("SBCSC") is a municipal corporation and is formed and organized under the laws of the State of Indiana.

8.  SBCSC is a person as that term is defined in 42 U.S.C. § 2000e(a).

9.  SBCSC is an employer as that term is defined in 42 U.S.C. § 2000e(b), as amended.

10. In calendar year 2017, SBCSC employed more than 1,000 employees.

11. William Groves was, at the time he was denied a promotion by the Defendant, an employee as that term is defined in 42 U.S.C. § 2000e(f), and was employed by the Defendant as the Athletic Director at John Adams High School.

## Statement of the Facts

12. William Groves incorporates Paragraphs 1-11 into his Statement of Facts and further alleges and claims that:

13. William Groves is Caucasian.

14. He has been the Athletic Director at John Adams High School since 2008.

15. He has a bachelor's degree and a master's degree in Secondary Education. He also has a Principal Licensure Certificate in School Administration.

16. He has a valid Lifetime Indiana Teaching License.

17. He has more than 15 years of experience as a high school Athletic Administrator at building level.

18. He has more than 20 years of experience as a head or assistant varsity coach at the high school level.

19. He has 21 years of classroom teaching experience at high school and intermediate levels.

20. He has experience and knowledge of Title IX, the Indiana Interscholastic Athletic Administrators Association (IIAAA), Indiana High School Interscholastic Athletic Association (IHSAA) rules, the Northern Indiana Conference (NIC), and Emergency Management/Incident Management Systems protocols.

21. On June 21, 2017, SBCSC posted an open job position for the Corporation Director of Athletics.

22. In 2015, prior to this job posting, the SBCSC Athletic Committee was responsible for developing a new job description for the Corporation Director of Athletics position.

23. In developing this new job description, the SBCSC Athletic Committee recommended in November 2015 that a master's degree be a preferred prerequisite for the Corporation Director of Athletics position.

24. Further, the SBCSC Athletic Committee recommended in November 2015 that a candidate must have knowledge in Title IX, National Federation of High Schools (NFHS), IHSAA rules, the IIAAA, the NIC, Indiana Department of Education (IDOE) rules, SBCSC policy, training in Emergency Management/Incident Management Systems protocols, State Board of Accounts, and knowledge of community-wide agencies and resources.

25. At some point prior to the June 2017 job posting for the Corporation Director of Athletics position, an SBCSC administrative committee was formed, which also recommended that the Corporation Director of Athletics should have 10 years of experience and a master's degree.

26. However, the June 2017 job posting for the Corporation Director of Athletics position was missing language pertaining to the preferred master's degree from the list of required qualifications, and it was also missing the requirement for knowledge of Title IX and various Indiana and SBCSC rules and policies.

27. On July 7, 2017, William Groves submitted a letter of intent to Dr. Kenneth Spells to formally apply for the Corporation Director of Athletics position.

28. Dr. Kenneth Spells is African-American and is an employee and the Superintendent of SBCSC.

29. Dr. Kenneth Spells was in charge of revising the SBCSC Athletic Committee's recommendations for the new job description of the Corporation Director of Athletics position.

30. Dr. Kenneth Spells was the sole person in charge of interviewing for the new Corporation Director of Athletics.

31. Dr. Kenneth Spells only interviewed 3 people for the Corporation Director of Athletics position.

32. Qualified applicants from outside SBCSC were ignored, despite the job posting being open to the public.

33. Seabe Gavin is African-American.

34. He has a bachelor's Degree in Communications.

35. He has an expired Emergency Teaching Permit.

36. He has no prior experience as an Athletic Director or Athletic Administrator.

37. He has approximately 3 years of experience as a head varsity coach at the high school level.

38. He has little prior classroom teaching experience at high school or intermediate levels.

39. He has no prior experience or knowledge of Title IX, the IIAAA, IHSAA rules, the NIC, or Emergency Management/Incident Management Systems protocols.

40. On August 23, 2017, Dr. Kenneth Spells and the SBCSC Board of Trustees failed to hire William Groves as the Corporation Director of Athletics, instead granting the position to Seabe Gavin.

41. As a pretext, SBCSC has subsequently claimed that William Groves was denied the promotion because, in part, he reportedly failed to file transfer paperwork with the IHSAA; there was a high turnover-rate of athletic department staff at John Adams High School during William Groves' tenure; and there were numerous "potential" Title IX deficiencies at John Adams High School. These claims raised by SBCSC were made in their response to William Groves' EEOC Complaint. None of these claims were ever identified in William Groves annual evaluations completed by SBCSC.

42. As a pretext, SBCSC also subsequently claimed that William Groves, in his interview with Dr. Kenneth Spells, refused to accept a pay cut and said he was uninterested in the job.

43. This is despite William Groves' years of positive, documented evaluations in his role as Athletic Director of John Adams High School, and his documented interest in the Corporation Director of Athletics position as posted.

## Count I – Race Discrimination

44. Plaintiff William Groves incorporates Paragraphs 1-43 into Count I.

45. Defendant SBCSC, by and through its agents, officials, and/or employees, unlawfully discriminated against Plaintiff on account of Plaintiff's race in violation of 42 U.S.C. § 2000e, *et seq.*

46. Defendant SBCSC violated 42 U.S.C. § 2000e, *et seq.*, in subjecting Plaintiff to unequal terms and conditions of employment on account of his race.

47. Defendant SBCSC violated 42 U.S.C. § 2000e, *et seq.*, in adversely affecting Plaintiff's working conditions on account of his race by, among other ways, denying him the opportunity for promotion and granting the position of Corporation Director of Athletics to an African-American with less experience and qualifications.

48. As a direct and proximate result of Defendant SBCSC's actions, Plaintiff has suffered a loss in wages, employment benefits, and employment opportunities.

49. As a direct and proximate result of Defendant SBCSC's actions, Plaintiff suffered and continues to suffer pecuniary losses, personal humiliation, mental anguish, embarrassment, loss of enjoyment of life, health-related problems, and other losses for which he is entitled to recover compensatory damages.

50. The acts and omissions committed by Defendant SBCSC and its agents, officials, and/or employees: were intentional, purposeful, willful, wanton, conscious, and malicious; were motivated in whole or in part by the race of Plaintiff; and were in deliberate disregard of Plaintiff's civil rights.

51. Plaintiff is entitled to an award of punitive damages against Defendant.

52. Plaintiff has incurred attorneys' fees, costs, and expenses.

## Conclusion

For the above reasons, William Groves requests judgment against the Defendant declaring and/or awarding as follows:

1. That William Groves has suffered from the Defendant's acts of discrimination;

2. That awards William Groves compensatory damages in an amount to be determined at trial;

3. That awards William Groves punitive damages in an amount to be determined at trial in this matter;

4. That enjoins the Defendant from any further acts of discrimination against William Groves or other persons similarly situated;

5. That awards William Groves his attorneys' fees, including litigation expenses, and the costs of this action; and

6. That grants William Groves all other just and proper relief in the premises.

NEWBY LEWIS KAMINSKI & JONES, LLP

By: /s/ Nicholas T. Otis
   Nicholas T. Otis, #27992-64
   Attorney for Plaintiff
   916 Lincolnway, P.O. Box 1816
   La Porte, IN 46350
   Telephone: (219) 362-1577
   NTOtis@nlkj.com

## Jury Demand

William Groves, by counsel, demands trial by jury.

NEWBY LEWIS KAMINSKI & JONES, LLP

By: /s/ Nicholas T. Otis
    Nicholas T. Otis, #27992-64
    Attorney for Plaintiff
    916 Lincolnway, P.O. Box 1816
    La Porte, IN 46350
    Telephone: (219) 362-1577
    NTOtis@nlkj.com

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | William Groves<br>602 Groves P.O. Box 583<br>North Liberty, IN 46554 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2018-00617 | Frederick J. BruBaker,<br>Enforcement Supervisor | (317) 226-7350 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Michelle Eisele,
District Director

SEP 1 4 2018

*(Date Mailed)*

Enclosures(s)

cc: SOUTH BEND COMMUNITY SCHOOL
c/o Lyle R. Hardman
Hunt Suedhoff Kalamaros LLP
205 W. Jefferson Blvd, Suite 300
South Bend, IN 46634-416

Mark L. Phillips
NEWBY LEWIS KAMINSKI JONES LLP
P.O. Box 1816
La Porte, IN 46352

EXHIBIT A

Enclosure with EEOC
Form 161 (11/16)

## Information Related to Filing Suit Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*If you file suit, please send a copy of your court complaint to this office.*